# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD GRISCHOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18 C 1472 |
| | ) | Hon. Marvin E. Aspen |
| KAREN JAIMET, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Petitioner Donald Grischow's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to vacate, set aside, or correct his conviction. For the reasons set forth below, we deny Petitioner's request for habeas relief and decline to issue a certificate of appealability.

## BACKGROUND

Petitioner pleaded guilty to counts of predatory criminal sexual assault of a child and aggravated criminal sexual abuse in 2012, in return for the State's agreement to a sentencing range of fifteen to forty years imprisonment. (App. Ct. Order (Dkt. No. 12–4) ¶ 1.) At the plea hearing, the circuit court informed Petitioner that the sentencing ranges for predatory criminal sexual assault of a child and aggravated criminal sexual abuse were six to sixty years imprisonment and three to seven years imprisonment, respectively, and that without his agreement with the State he faced a minimum of twelve years and a maximum of one hundred years in prison. (*Id.*) Petitioner entered a plea of guilty, which the circuit court found knowing and voluntary. (*Id.*) Petitioner subsequently filed a motion to withdraw his guilty plea, arguing

that his plea was involuntary because he had an anxiety attack in court and therefore "was unable to fully comprehend the admonishments of the Court, and was unable to understand the advice of counsel." (Dkt. No. 7–1 at Pg.ID#: 103–5.) He also argued his counsel was ineffective in material ways, including failing to prepare for trial, failing to properly inform him that he was signing a guilty plea as opposed to a waiver of jury trial, and pressuring Petitioner to plead guilty. (*Id.*) The circuit court denied Petitioner's motion to withdraw his guilty plea. (App. Ct. Order ¶ 1.) Petitioner appealed arguing that the circuit court improperly assessed certain fees and costs but did not appeal the circuit court's substantive rulings. (Dkt. No. 12–1; *see also* (Dkt. No. 12–2 at Pg.ID# 158 ("On direct appeal, the Office of the State Appellate Defender represented Grishow . . . [and] filed an unopposed motion for summary disposition challenging the fees and court costs, which was granted.").)

Petitioner filed a petition for postconviction relief under the Post-Conviction Hearing Act, 725 ILCS 5/122–1, with the circuit court on January 12, 2015. (Dkt. No.12–2 at Pg.ID#:187–203.) In his postconviction petition, Petitioner argued *inter alia* that he did not knowingly enter into his guilty plea because he was forced to enter into the plea agreement, he is innocent of his crimes of conviction, and he intended only to enter into an agreement to serve 85 percent of a term of fifteen years imprisonment. (*Id.* at Pg.ID#: 198–99.) The circuit court found that "[e]very claim in the instant post-conviction petition was, or could have been raised in Defendant's amended motion to withdraw plea and his subsequent appeal," and therefore dismissed the petition as "frivolous and patently without merit" because Petitioner had waived his claims. (*Id.* at Pg.ID#: 207.)

On appeal of the circuit court's denial of his postconviction petition, Petitioner argued that his plea was involuntary because the trial court failed to properly inform him of the

2

sentencing range of his alleged offenses. (Dkt. No. 12–2 at Pg.ID#: 164 (arguing that the maximum sentence Petitioner faced was eleven to seventy-four years, as opposed to twelve to one hundred years as stated by the trial court). The appellate court held that "defendant forfeited his claim concerning the court's admonishments by failing to raise that claim in his petition (see *People v. Jones*, 211 Ill. 2d 140, 149–50 (2004))," but regardless went on to consider the merits of his claim. (App. Ct. Order ¶ 6.) The appellate court held that "[a]lthough it appears that the court misadvised defendant about the maximum sentence he faced, the sentencing cap of 40 years [in the plea agreement] fell well below the maximum sentence of 74 years under the more lenient statutes."[1] (*Id.*) The appellate court therefore held that "defendant failed to allege how he was denied real justice or was prejudiced by the court's improper admonishments" and affirmed the circuit court's denial of his postconviction petition. (*Id.*) Petitioner filed a petition for leave ("PLA") with the Illinois Supreme Court on November 28, 2017, arguing that the appellate court erred in holding that he was not prejudiced by the circuit court's inaccurate description of the sentencing range. (PLA (Dkt. No. 12–5) at Pg.ID#: 238–41.) Specifically, Petitioner argued that the appellate court erred because it "never considered that the difference between a 74-year maximum and a 100-year maximum would have affected his decision as to whether to plead guilty, and the judge's decision as to whether to sentence him between 15-years and 40-years." (*Id.* at Pg.ID#: 241.) The Illinois Supreme Court summarily denied Petitioner's PLA on January 18, 2018, (*Id.* at Pg.ID#: 232), and he timely filed the present petition for a writ of habeas corpus on March 7, 2018, (Pet. (Dkt. No. 7).).

---

[1] Petitioner argued on appeal that a more lenient version of the predatory assault of a child statute applied such that the maximum sentence he faced was seventy-four years imprisonment. (Dkt. No. 12–2 at Pg.ID#: 164.)

3

**STANDARD OF REVIEW**

We may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(a); *see Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004) ("The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991))). Under AEDPA, a habeas petitioner must establish the proceedings in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 1519 (2000); *Morgan v. Hardy*, 662 F.3d 790, 797 (7th Cir. 2011).

**ANALYSIS**

Petitioner "contends that he has made a substantial showing of the denial of a constitutional right, in that his guilty plea was unknowing under *Boykin v. Alabama* and that habeas corpus should be granted." (Reply (Dkt. No. 13) at 5.) Specifically, Petitioner argues that:

> "The Court's erroneous admonishment of the maximum punishment petitioner faced, impacted his decision to plead guilty because his attorney also quoted a 100-year maximum. A sixty-year reduction in the maximum punishment is what convinced him to plead guilty, where a 24-year reduction would not have. In addition, where the State was willing to concede 60-years, they may have just as

4

> well offered a 14-year sentence had they known the maximum penalty was 74-years rather than 100."

(Pet. at Pg.ID#: 97.) We must first, however, decide whether Petitioner has exhausted his state court remedies and avoided procedural default. *Perruquet*, 390 F.3d at 513–14. To do so, we consider the "decision of the last state court that substantively adjudicated each claim"—here, the Illinois Appellate Court. *Gonzales v. Mize*, 565 F.3d 373, 379 (7th Cir. 2009) (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

## I. Procedural Default

The exhaustion doctrine "precludes a federal court from granting [a petitioner] relief" unless he has first "fairly presented his constitutional claim to the state courts." *Perruquet*, 390 F.3d at 514; *see* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). "If the claim comes from the Illinois state courts, the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review." *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012) (internal citation and quotation marks omitted).

Procedural default—a related doctrine—precludes federal courts from ruling on the merits of a habeas claim when "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet*, 390 F.3d at 514; *see also Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (holding that a claim is procedurally defaulted "if the last state court that rendered judgment 'clearly and expressly states that its judgment rests on a state

procedural bar'" (quoting *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989)). Respondent argues that Petitioner's claim "is procedurally defaulted because the state court rejected it on the independent and adequate state law ground of forfeiture." (Resp. (Dkt. No. 11) at 3.) "An independent state ground will be found 'when the court actually relied on the procedural bar as an independent basis for its disposition of the case.'" *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012)); *see also Lee v. Davis*, 328 F.3d 896, 899–900 (7th Cir. 2003) ("When a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." (internal citations omitted)).

The appellate court's judgment rested on the procedural ground that Petitioner "forfeited his claim concerning the court's admonishments by failing to raise that claim in his petition." (App. Ct. Order ¶ 6). That judgment was "independent of federal law" because it did not "depend upon a federal constitution ruling on the merits" of Petitioner's claims. *Stewart v. Smith*, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002). The appellate court's judgment that Petitioner had waived his claim was also "adequate." "To be adequate, a state's procedural rule must be proclaimed in advance and regularly followed." *Szabo v. Walls*, 313 F.3d 392, 395–96 (7th Cir. 2002). Illinois law is clear that a petitioner waives any argument not brought in the original postconviction petition. 725 ILCS 5/122–3 ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.") (effective January 1, 1964). Because the appellate court's judgment rested on independent and adequate state-law grounds, Petitioner has procedurally defaulted his claim that his plea was unknowing and involuntary because the circuit court misadvised him regarding the maximum

term of imprisonment he faced, and we are barred from reviewing it. *See, e.g.*, *Tejeda v. Rains*, No. 17 C 7679, 2018 WL 1156323, at *3 (N.D. Ill. Mar. 5, 2018) (finding that the petitioner's claim was procedurally defaulted where he failed to raise it in his first state court postconviction petition and the Illinois Appellate Court held it forfeited for that reason).

To be sure, the appellate court "put[] aside" Petitioner's forfeiture and went on to consider the merits of his claim that the circuit court's incorrect admonishment rendered his plea unknowing and involuntary. (App. Ct. Order ¶ 6.) But even when a court considers the merits of a petitioner's arguments in the alternative, "the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255 n.10, 103 S. Ct. 1038, 1044 n.10 (1989); *see also Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) ("[B]oth aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits—whether or not the 'timeliness ruling was "entangled" with the merits.'" (internal citation omitted)); *Rivas v. Sternes*, No. 3 C 2164, 2004 WL 407003, at *3 (N.D. Ill. Feb. 24, 2004) ("[I]f the state's decision rests on both a procedural default and a lack of merit, then federal review is foreclosed."). Our review is therefore barred regardless of the appellate court's discussion on the merits of Petitioner's claim.

Petitioner argues that he has shown cause for excusing his procedural default by arguing that (1) his failure to properly raise his claims on direct appeal resulted from his appellate counsel's ineffectiveness, and (2) "the issue could not be raised on direct appeal" given that "resolution of the issue required evidence not in the court record." (Reply at 4.) "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can

7

show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S. Ct. 2497, 2505 (1977)). Petitioner's arguments for "cause" are, however, unrelated to the procedural default that bars our review. Petitioner attacks the circuit court's finding that he had waived the claims brought in his postconviction petition by failing to raise them on direct appeal. (Dkt. No.12–2 at Pg.ID#: 207.) The procedural default that precludes our review here is the independent and adequate judgment of the *appellate court* that Petitioner forfeited his claim concerning the trial court's admonishment by failing to raise it in his postconviction petition. (App. Ct. Order ¶ 6.) Neither Petitioner's allegedly ineffective appellate counsel nor that he was allegedly prohibited from bringing certain claims on direct appeal because their resolution required evidence not in the record excuses the procedural default that bars our review. Accordingly, we decline to grant the petition for writ of habeas corpus.

## II. Certificate of Appealability

Because we deny Petitioner's request for a writ of habeas corpus, we "must issue or deny a certificate of appealability [("COA")]." Rule 11(a) of the Rules Governing § 2254 Cases. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). We find that reasonable jurists could not debate our conclusion that Petitioner has procedurally defaulted his claim that the circuit court's failure to accurately

8

describe the maximum term of imprisonment he faced rendered his plea unknowing and involuntary. We therefore decline to issue a COA.

## CONCLUSION

For the above reasons, we deny Petitioner's request for a writ of habeas corpus and decline to issue a certificate of appealability. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 5, 2019
       Chicago, Illinois